IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**LORENZO PRICE**                                                                    **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO.** 2:10cv81-KS-MTP

**CREDIT ACCEPTANCE CORPORATION;**
**CLAY HINTON, INDIVIDUALLY, and**
**CLAY HINTON d/b/a CNRS&Z, INC.; and**
**NATHAN'S, LLC**                                                                 **DEFENDANTS**

### NOTICE OF REMOVAL

COMES NOW Credit Acceptance Corporation ("Credit Acceptance"), and files this Notice of Removal, and in support thereof would show unto the Court the following, to-wit:

1. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 157, 1334, 1441, 1446 and 1452.

2. On or about March 8, 2010, Plaintiff filed the current Complaint for Damages in the Circuit Court of Forrest County, Mississippi, Civil Action No. CI10-0037. The Defendants in this action include Credit Acceptance, CNRS&Z, Inc. ("CNRS&Z"), Nathan's, LLC ("Nathan's") and Clay Hinton ("Hinton"). *See* Complaint at ¶¶ 2-5. Plaintiff contends, *inter alia,* that he and O'Breeze Auto Sales, LLC ("O'Breeze") entered into a "selling dealer/financier contract" with Credit Acceptance on April 1, 2009. *See* Complaint at ¶ 8. Plaintiff contends that Credit Acceptance refused to tender payments due to him under said contract, and

that instead it provided those payments to Hinton. *See* Complaint at ¶ 8. As a result, Plaintiff contends that he has "suffered financial loss in the approximate amount of $172,500." *See* Complaint at ¶ 10. The Complaint asserts claims for "intentional misrepresentation, fraudulent inducement, fraudulent concealment, fraud and deceptive sales practices, breach of fiduciary or quasi-fiduciary duties, breach of the requirement to deal with the Plaintiff honestly, fairly and in good faith, negligence, and negligent misrepresentation." *See* Complaint at ¶ 11. The Complaint seeks $250,000 for compensatory damages and an unspecified amount in punitive damages. *See* Complaint at *ad damnum* clause.

3. Prior to the commencement of this action, Plaintiff filed a voluntary Chapter 13 petition in the United States Bankruptcy Court for the Southern District of Mississippi, Case No. 09-52032, on September 16, 2009. While the claims asserted herein arose pre-petition or pre-confirmation, Plaintiff did not disclose the claims to the bankruptcy court in his schedules or statement of financial affairs. The claims asserted were not administered by the bankruptcy court or abandoned by the bankruptcy trustee. Thus, all of the claims asserted are property of Plaintiff's bankruptcy estate. Plaintiff was granted relief by the bankruptcy court on December 8, 2009, when his Chapter 13 plan was confirmed.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157, 1334 & 1452. The claims asserted herein by Plaintiff are either

core proceedings or non-core related proceedings pertaining to his Chapter 13 bankruptcy case. The claims asserted are also assets of the bankruptcy estate. Credit Acceptance does not consent to the entry of final orders and/or judgments relating to any non-core claims by the bankruptcy court.

5. Removal in this matter is timely pursuant to 28 U.S.C. §§ 1446 & 1452, and the Federal Rule of Bankruptcy Procedure 9027. This action was not commenced until March 8, 2010, and has been removed within thirty days of its commencement. Because the removal of this action is based upon bankruptcy jurisdiction, the other Defendants in this action are not required to join or consent to this Notice of Removal. Alternatively, any necessary and required party will consent to or join in the removal of this action within the time permitted by law.

6. By filing this Notice of Removal, Credit Acceptance does not waive its rights to object to service, service of process, sufficiency of process, jurisdiction over the subject matter, jurisdiction over the person, venue, or assert any other applicable defenses. Additionally, Credit Acceptance expressly reserves the right to have the claims asserted herein resolved solely through arbitration.

7. This Court has supplemental jurisdiction over all other claims asserted by Plaintiff in accordance with 28 U.S.C. §§ 1367 & 1441.

8. A copy of all process, pleadings, orders and other matters furnished to Credit Acceptance in this matter is attached hereto and marked as a composite Exhibit "A," and incorporated herein by reference.

9. A copy of this Notice of Removal has been sent to counsel of record for the Plaintiff, and will be filed with the clerk of the Circuit Court of Forrest County, Mississippi.

WHEREFORE, PREMISES CONSIDERED, Credit Acceptance prays that this court assume full jurisdiction over these proceedings as provided for by law.

Respectfully submitted,

**CREDIT ACCEPTANCE CORPORATION**

By: _____
Of Counsel

Mark H. Tyson (MSB #9893)
McGLINCHEY STAFFORD, PLLC
City Center South, Suite 1100
200 South Lamar Street (Zip - 39201)
Post Office Drawer 22949
Jackson, Mississippi 39225-2949
Telephone: (601) 960-8400
Facsimile:  (601) 960-3520

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served via U.S. Mail, postage prepaid, a true and correct copy of the foregoing to:

Yancy B. Burns
Burns & Associates, PLLC
Post Office Box 16409
Jackson, Mississippi 39236-6409

Lou Ellen Adams
Forrest County Circuit Clerk
Post Office Box 992
Hattiesburg, Mississippi 39403

This the 7th day of April, 2010.

_____
Of Counsel

248016.1