IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

**LORENZO PRICE**                                            **PLAINTIFF**

VS.                                          CIVIL ACTION NO. CI10-0037

**CREDIT ACCEPTANCE CORPORATION**            **DEFENDANTS**
**CLAY HINTON, INDIVIDUALLY AND**
**CLAY HINTON D/B/A CNRS&Z, INC.**
**AND NATHAN'S, LLC**

*JURY TRIAL DEMANDED*

### COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Lorenzo Price, by and through counsel, and files this, his Complaint for Damages against the Defendants, and would respectfully show unto the Court the following:

### I. PARTIES

1. Plaintiff, Lorenzo Price is an adult resident citizen of the State of Mississippi and resides at 2605 Oak Grove Rd, Hattisburg, MS 39402. O'Breeze Auto Sales, LLC is a resident corporation organized and existing under the laws of the State of Mississippi doing business in Mississippi by and through its president, Lorenzo Price.

2. Defendant, Credit Acceptance Corporation is a foreign corporation organized and existing under the laws of the State of Michigan, whose principal place of business is 25505 West Twelve Mile Road, Suite 3000, Southfield, Michigan 48034-8339. It may be served with process of this Court by and through its registered agent for service of process, Charles A. Pearce, at its principal place of business address.

3. CNRS&Z, Inc., is a resident corporation organized and existing under the laws of the State of Mississippi, whose address and principal place of business is 656 Grenadine Court, Winter



Park, Florida and may be served with process of this Court by and through service of process upon its Registered Agent, Clayton Hinton, at 126 West Shore Drive, Hattiesburg, Mississippi 39402.

4. Nathan's LLC, is a resident corporation organized and existing under the laws of the State of Mississippi, whose address and principal place of business is unknown and may be served with process of this Court by and through service of process upon its Registered Agent, Clayton Hinton, at 126 West Shore Drive, Hattiesburg, Mississippi 39402.

5. Clayton Hinton is adult resident citizen of the State of Mississippi and may be served with process of this Court at 16 West Shore Drive, Hattiesburg, Mississippi 39402.

## II. JURISDICTION

5. This Court has personal jurisdiction over the parties.

6. This Court has subject matter jurisdiction over this cause, pursuant to Article VI, § 156 of the Mississippi Constitution of 1890.

7. Venue is proper in the Circuit Court of Forrest County, Mississippi, pursuant to Miss. Code Ann. § 11-11-3, as same is where the cause of action sued upon occurred or accrued.

## III. FACTUAL BACKGROUND AND CLAIM FOR BREACH OF CONTRACT AND TORTIOUS INTERFERENCE WITH AN EXISTING CONTRACTUAL RELATIONSHIP

8. That on or about April 1, 2009, Defendant, Credit Acceptance Corporation, hereinafter "CAC", entered into a selling dealer/financier contract with the Plaintiff, Lorenzo Price & O'Breeze Auto Sales, LLC, wherein CAC agreed to finance vehicles sold to customers of Price and O'Breeze Auto Sales, LLC, and that immediately after the sale and approval of financing, CAC would thereafter retain a security interest in said vehicles sold under CAC's retail installment contracts and thereafter relinquish and assign its security interesty in the vehicles and assign it security interest and future payments to O'Breeze Auto Sales, LLC, the selling dealership, for the term of the loan for all vehicles sold by Price and O'Breeze Auto Sales, LLC, to certain customers

in Forrest County, Mississippi. That the selling dealer-financier contract provided that CAC, upon approval of financing, would note its security interest upon the title to the vehicle and release the titles to Price and the buyer in order to facilitate Price's right to receive monetary payments for the sale of the vehicle and future payments based upon a percentage of the gross proceeds tenders by the buyers of the vehicles unto CAC. That CAC refused to tender payments unto Price for the sale of vehicles by Price and instead tendered payment directly to Defendant Clayton Hinton, and that at all times referenced herein, Hinton, who was a silent joint venturer of Price and O'Breeze Auto Sales, LLC, who was promised by O'Breeze Auto Sales, LLC, to receive 20% of the gross proceeds derived from the dealer-financier contract entered into between CAC and O'Breeze Auto Sales, LLC. That the Defendants CAC and Hinton entered into an illegal agreement to deprive Price and O'Breeze Auto Sales, LLC of his lawful entitlement to the sales proceeds and/or profits from the sales of the vehicles financed by CAC, and in so doing, diverted the subject proceeds to Clay Hinton.

9. That during the performance of the existing contract between CAC and Lorenzo Price, Defendant Clay Hinton, Individually, and CNRS& Z, Inc., and Nathan's LLC, while acting as non-disclosed agents and intermediaries of CAC and a silent joint venturer of Price and O'Breeze Auto Sales, LLC, intentionally interfered with the contractual relationship between the contracting parties and misappropriated and converted funds owed by CAC unto Price and O'Breeze Auto Sales, LLC from the contract between CAC and the Price and O'Breeze for his and its own personal use and benefit and to the financial detriment of Price and O'Breeze Auto Sales, LLC.

10. That due to the Defendants' unlawful diversion and conversions of payments owed by CAC to the Debtor under the contract, the Debtor suffered financial loss in the approximate amount of $172,500.00. That during the performance of said contract, Clay Hinton, Individually and CNRS&Z, Inc., and Nathan's LLC, committed further acts of conversion, misuse, and

unauthorized sale of the vehicles owned, controlled or possessed by Lorenzo Price, which proximately caused Price and O'Breeze Auto Sales to sustain financial loss in the approximate amount of $25,000.00. That the fraudulent and other unlawful actions of Clay Hinton, Individually, and CNRS&Z, Inc, and Nathan's LLC, as referenced herein caused the Debtor to sustain the loss of overhead and maintenance costs associated with the performance of the contract in an amount in excess of $25,000.00

## IV. CLAIMS AGAINST ALL DEFENDANTS

11. Claims based on fraudulent misrepresentations and omissions are stated herein against each of the Defendants individually and jointly on behalf of the Plaintiff for actual and punitive damages for intentional misrepresentation, fraudulent inducement, fraudulent concealment, fraud and deceptive sales practices, breach of fiduciary or quasi-fiduciary duties, breach of the requirement to deal with the Plaintiff honestly, fairly and in good faith, negligence, and negligent misrepresentation. Plaintiff asserts that the following wrongful acts are attributable to each of the Defendants in this case:

(a) Each of the Defendants engaged in a deliberate course of fraudulent and deceptive conduct to induce CAC, Clayton Hinton, Individually, CNRS&Z, Inc. and Nathan's, LLC, and each other to enter into the contractual payment scheme devised by all Defendants through the use of deceptive statements and continued misrepresentations concerning payments due and payable to the Plaintiff under the subject contract.

(b) Each of the Defendants intentionally concealed from Plaintiff material facts regarding its intent to tender payments unto Clay Hinton and Hinton's corporations instead of the Plaintiff for sales made by the Plaintiff under the contract;

(c) Each of the Defendants negligently or fraudulently induced the Plaintiffs to continue performance under the contract while withholding or diverting the proceeds and

payments owed by CAC to Plaintiffs unto Clayton while misrepresenting that payments would be made to the Debtor in accordance with the terms of the contract.

(d) That the Defendants, by and though their combined grossly negligent actions and profiteering at any cost mentality, implemented a secret buyout of the instant contract whereby the Defendants, in the interest of profit and in an effort pay the lowest possible payments or reduced rates for sales made by the Price and O'Breeze Auto Sales, LLC under the contract, CAC breached the contract with the Plaintiff without cause while refusing to tender payments and deliver the titles of vehicles sold by the Price and O'Breeze Auto Sales, LLC under the contract.

12. The aforementioned failure of Defendant CAC to act with reasonable care and exercise good-faith in the performance of the contract and to refrain from improperly withholding and diverting payments owed to Price and O'Breeze Auto Sales, LLC, proximately caused the resulting injuries sustained by the Plaintiffs and such damages were directly and proximately caused by or contributed to by the joint and combined negligence of the Defendants which proximately caused and resulted in the breach of the contract entered into and consummated by all parties and the Defendants' failed to exercise a proper degree of care in the following respects, to-wit:

(a) By knowingly entering into such an illegal transaction during the performance of the contract and failing to perform obligations under the contract;

(b) Failing to use reasonable care;

(c) Otherwise failing to perform its obligations under the contract in good-faith;

(d) By other acts of negligence which will be shown at the trial of this cause.

13. As a direct and proximate result of the wrongful and illegal acts of the Defendants, Price may reasonably anticipate incurring psychological expenses and has suffered damages, not only for past emotional distress, but also for future emotional distress and anxiety, resulting in the

loss of use and access to his share of these monies, and is further entitled to attorney's fees incurred in the prosecution of this claim.

14. As a direct and proximate result of the strict liability, negligence, fault, breach of duty, actions, inactions and omissions of the Defendants, the Plaintiffs are entitled to all damages recoverable under Mississippi law, including prejudgment interest.

15. Defendants, due to their willful, wanton, intentional, grossly negligent and reckless conduct and total disregard for the rights of the Plaintiffs are liable for punitive damages in an amount to be determined at the trial of this cause.

16. The allegations of the preceding paragraphs of this Complaint are hereby repeated, realleged, and incorporated by referenced in each of the following sections:

17. That the Defendants, by a common plan or scheme and through a meeting of the minds, agreed to and established an unlawful and illegal objective to be accomplished. Specifically the Defendants agreed and sought to form a shadow syndicate between local agents of CAC and Clay Hinton that would by subterfuge of the instant contract, subvert the legal contract designed to protect the Plaintiff and the integrity of the market, and in committing such subterfuge and illegal actions, reaped great financial benefits under the illegal contractual agreement entered into and as executed by the Defendants, all to the detriment of the Plaintiff as well as the integrity of the business community. Defendants' intentional, negligent and/or grossly negligent actions caused financial injury or other damages to Plaintiff as alleged herein, and in so doing, Defendants committed one or more unlawful overt acts, including entering into the conspiracy by entering into said illegal contract and the interference with the instant contract, executing and performing said illegal contract(s), and utilizing the services of the Plaintiff in an context that sought to create the illusion and legal farce that Plaintiff was not an intended beneficiary of the existing contract.

## V. DAMAGES

18. As a result of the intentional, deliberate, reckless, grossly negligent, and wrongful actions of the Defendants, as aforesaid, the Debtor was caused to suffer damages, including loss of the benefit of the sales proceeds bargained for to include the loss of use and benefit of payments due and payable to the Debtor, operating expenses and other debts relating to the equipment devoted to the performance of the contract, including but not limited to debts arising out of the use of transportation and haul assets, insurance costs, fuel, maintenance and other reasonable and necessary costs incidental to the performance of services under the contract. Counter-Defendants are liable to the Defendant/Counter-Plaintiff for all of said actual damages to include lost profits, loss of rental value and other lost profits as well as all attorney's fees, expenses and costs herein incurred

19. As a further proximate result of the aforementioned fraudulent and wrongful conduct of the Defendants which was outrageous and in reckless disregard for Plaintiff's rights, Plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damage, all to his general damage, for which Plaintiff is entitled to recover substantial compensatory damages. In addition, the actions of the Defendants as aforesaid, constitutes fraud, fraudulent misrepresentation, fraudulent inducement, and fraudulent concealment rendering the Defendants liable to the Plaintiff for both actual and punitive damages.

The misrepresentations, omissions and concealment of material facts by the Defendants were reckless acts, and were part of a willful scheme or course of conduct whereby the Defendant Hinton sought to and did induce the CAC to either withhold or divert payments owed to the Plaintiffs on the basis of and in reliance upon fraudulent misrepresentations and omissions. Said acts on the part of the Defendants constitute intentional, willful and fraudulent conduct thus rendering Defendants liable for punitive damages, as well as for attorney's fees and other expenses incurred in pursuing this litigation.

Defendants should be assessed with punitive damages in an amount sufficient to deter like conduct in the future, and to serve as an example and deter others from engaging in similar fraudulent conduct with regard to the sale of insurance products. In addition, Plaintiffs respectfully requests that this Court grant such additional relief as the Court deems just and proper, including such extraordinary equitable and/or injunctive relief as permitted by law, equity or statutory provisions as the Court deems proper, to prevent unjust enrichment of the Defendant, to ensure that the Defendants do not profit from their own wrongdoing, and to ensure that the Plaintiff has an effective remedy for the damages caused and injuries sustained as a result of the Defendants' wrongful and fraudulent misrepresentations and concealment.

WHEREFORE, Plaintiffs demands judgment against Defendants, individually and jointly, in the amount of *$250,000.00*, for compensatory damages in such amounts as are sufficient to compensate him for the monetary, pecuniary and economic damages, and an amount of compensation as determined by the jury for emotional and other economic and non-economic losses and damages, attorneys fees, and expenses incurred as a result of the Defendants' wrongdoing, and for punitive damages in such an amount as to punish the Defendants, and serve as an example and deter others from engaging in similar fraudulent conduct in the future with regard to fraudulent contractual practices.

Plaintiff also demands a trial by jury.

THIS the 5th day of March, 2010.

Respectfully submitted,

YANCY B. BURNS - MSB 99128
BURNS & ASSOCIATES, PLLC
Post Office Box 16409
Jackson, MS 39236-6409
(601)487-6997
ATTORNEY FOR THE PLAINTIFFS