IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LORENZO PRICE                                                                                          PLAINTIFF

VERSUS                                                       CIVIL ACTION NO. 2:10cv81KS-MTP

CREDIT ACCEPTANCE CORPORATION;
CLAY HINTON, INDIVIDUALLY; and CLAY
HINTON d/b/a CNRS&Z, INC.; and NATHAN'S, LLC                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Compel Arbitration **[#6]** and a Supplemental Motion to Compel Arbitration **[#9]** filed on behalf of the defendants. The court, having reviewed the motion, the pleadings and exhibits on file and being advised that the plaintiff has failed to respond to the motion, finds that the motion is well taken and should be granted. The court specifically finds as follows:

Credit Acceptance is a "financial services company that accepts assignment of retail installment contracts for servicing, administration and collection." O'Breeze Auto Sales, LLC ("O'Breeze") is a Mississippi automobile dealership. On January 27, 2009, Credit Acceptance and O'Breeze entered into a Dealer Servicing Agreement ("DSA"). Although he was not a party to the DSA, the plaintiff executed the DSA on behalf of O'Breeze as a "Member."

Under the terms of the DSA, O'Breeze was authorized to "submit" retail installment contracts to Credit Acceptance "for administration, servicing and collection."

The DSA also included an agreement to arbitrate disputes between Credit Acceptance and O'Breeze (the "Arbitration Agreement").  The Arbitration Agreement provided:

> Any disputes and differences arising between the parties in connection with or relating to this Agreement or the parties relationship with respect hereto shall be settled and finally determined by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. The arbitration shall take place in Oakland County, Michigan and shall be conducted by three arbitrators, one of whom shall be selected by the Dealer, one selected by Credit Acceptance and the third by the two arbitrators so selected. Each party shall notify the other party of the arbitrators selected by it within 30 days of a written request from one party to the other for arbitration. In the event either party shall fail to select an arbitrator or fail to notify the other party of the arbitrator that it has selected within such time period, the arbitrator so selected by the other party shall select a second arbitrator. The decision and award of the arbitrators shall be in writing, and shall be final and binding upon the parties hereto. Judgment upon the award may be entered in any court having jurisdiction thereof or any application may be made to such court for judicial acceptance of or award in order of enforcement, as the case may be. Notwithstanding the foregoing, Credit Acceptance shall be entitled to seek equitable relief under this Agreement, pursuant to Section 4.03 in any court of competent jurisdiction, including any court in the State of Michigan, County of Oakland, or in the United States District Court of the Eastern District of Michigan, and Dealer consents to the jurisdiction thereof.

The plaintiff filed this suit in the Circuit Court of Forrest County, Mississippi on March 8, 2010.  The Complaint named Credit Acceptance, CNRS&Z, Inc. ("CNRS&Z"), Nathan's, LLC ("Nathan's") and Clay Hinton ("Hinton") as defendants.  Although referenced in Paragraph 1 of the Complaint, O'Breeze is not a plaintiff or defendant.

The plaintiff contends that he and O'Breeze entered into a "selling dealer/financier contract" with Credit Acceptance on April 1, 2009.  He asserts that Credit Acceptance refused to tender payments due to him under the DSA, and that instead it provided those payments to Hinton.  As a result, the plaintiff contends that he

has "suffered financial loss in the approximate amount of $172,500." The Complaint asserts claims for "intentional misrepresentation, fraudulent inducement, fraudulent concealment, fraud and deceptive sales practices, breach of fiduciary or quasi-fiduciary duties, breach of the requirement to deal with the plaintiff honestly, fairly and in good faith, negligence, and negligent misrepresentation." The Complaint seeks $250,000 for compensatory damages and an unspecified amount in punitive damages.

## STANDARD OF REVIEW AND ANALYSIS

The arbitrability of a claim brought in federal court is governed by Section 2 of the Federal Arbitration Act (FAA) which provides, in pertinent part, that:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C.A. § 2 (2007).

Controlling case law makes it clear that the FAA expresses a strong national policy in favor of arbitration, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Southland v. Keating*, 465 U.S. 1, 10 (1983); *Mouton v. Metropolitan Life Ins. Co.*, 147 F.3d 453, 456 (5th Cir. 1998). This court has recognized the strong federal policy favoring enforcement of arbitration agreements, and is acutely aware of the Supreme Court's requirement "that [courts] 'rigorously enforce agreements to arbitrate.'" *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983). The FAA contemplates that parties that are aggrieved by

another party's failure to arbitrate under a written agreement, may file a motion to stay the trial of an action until such arbitration has been had in accordance with the terms of the agreement. *See*, 9 U.S.C. § 3.

As provided for in Section 2 of the FAA, the contract in dispute must evidence a transaction involving interstate commerce. The Supreme Court has recognized that Congress, in enacting the Federal Arbitration Act, meant to exercise the full extent of its powers under the commerce clause of the Constitution to ensure that the FAA applies to any arbitration contract involving interstate commerce. *Allied-Bruce Terminix Companies Inc. v. Dobson*, 513 U.S. 265, 130 L. Ed. 2d 753 (1995). The transaction in this case constituted an interstate credit transaction imbuing it with the necessary interstate character. Credit Acceptance is a Michigan corporation. Both O'Breeze and the plaintiff are citizens of Mississippi. The DSA is governed by Michigan law. Thus, the FAA controls the enforcement of the Arbitration Agreement and arbitrability of the plaintiff's claims. Further, the plaintiff has not disputed that the transaction in question involves interstate commerce within the meaning of the FAA.

To determine whether parties should be compelled to arbitrate involves a two-step inquiry. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996). First, the court must determine whether the parties agreed to arbitrate the dispute at issue. *Id.* at 258. This determination involves two additional considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. *Id.*

The DSA contained the Arbitration Agreement. The Arbitration Agreement applies to "[a]ny disputes and differences arising between the parties in connection with

or relating to this [DSA] or the parties relationship with respect hereto." Accordingly, the Arbitration Agreement constituted a valid and enforceable agreement to arbitrate all disputes relating to the DSA.

Arbitration clauses that apply to "all claims, demands, disputes or controversies of every kind or nature" are deemed to be very broad and cover all possible claims that might arise. *See Municipal Energy Agency of Mississippi v. Big Rivers Elec. Corp.*, 804 F.2d 338, 342 (5th Cir. 1986); *In re Sedco, Inc.*, 767 F.2d 1140, 1145 (5th Cir. 1985) ("[i]t is difficult to imagine broader general language than . . . 'any dispute'") (quoting *Caribbean S.S. Co. v. Sonmez Denizcilik Ve Ticaret A.S.*, 598 F.2d 1264, 1266 (2nd Cir. 1979)). Any doubt concerning the scope of an arbitration clause must be resolved in favor of coverage. *Harvey v. Joyce*, 199 F.3d 790, 793 (5th Cir. 2000); *City of Meridian v. Algernon Blair, Inc.*, 721 F.2d 525, 527 (5th Cir. 1983); *Mississippi Ins. Managers, Inc. v. Providence Washington Ins. Co.*, 72 F. Supp. 2d 689, 695 (S. D. Miss. 1999).

All of the claims asserted by the plaintiff are subject to binding arbitration. He asserted various causes of action against Credit Acceptance that are all premised upon the DSA. All of these claims, both *ex contractu* and *ex delicto*, must be arbitrated. *See Grigson*, 210 F.3d at 527 (holding that arbitration may not be avoided "by casting . . . claims in tort, rather than in contract."). By its explicit terms, the Arbitration Agreement covers all of the plaintiff's putative claims.

Even though he was not a party to the DSA, the plaintiff is nevertheless bound by the Arbitration Agreement based upon the claims he has asserted in this action. "Numerous federal circuit courts, including [the Fifth Circuit], have recognized the operation of the doctrine of equitable estoppel on non-signatories in an arbitration

context." See Washington Mutual Finance Group, LLC v. Bailey, 364 F.3d 260, 267 (5th Cir. 2004) (collecting cases). The doctrine prohibits a party from "claim[ing] the benefit of the contract and simultaneously avoid[ing] its burdens." Id. at 268 (citing International Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 418 (4th Cir. 2000)).

In this matter, the plaintiff sued for payments he contends he is owed under the DSA: "due to the Defendants' unlawful diversion and conversions of payments owed by CAC to the Debtor under the contract, the Debtor suffered financial loss in the approximate amount of $172,500.00." Having brought claims against Credit Acceptance based upon that contract, the plaintiff is now bound by the Arbitration Agreement.

Once the court finds that the parties agreed to arbitrate, it must then determine whether any legal constraints external to the parties' agreement foreclose the arbitration of the claims involved. The court can find no legal constraint which prevents this case from being submitted to arbitration. As stated, the plaintiff has failed to respond to this motion, thus, he has not presented any argument that this matter should not be submitted to arbitration. In fact, the court notes that although this matter was removed to this court on April 7, 2010, the plaintiff nevertheless filed a separate Motion to Compel Arbitration in the state court on or about May 21, 2010. The plaintiff's Motion concedes that "the contractual agreement provides that the claims asserted by the Plaintiff shall be referred to binding arbitration." The plaintiff, however, requests that "the Court appoint an arbitrator" rather than order that arbitration should proceed in accordance with the terms of the Arbitration Agreement. While improperly filed in state

court, the Motion to Compel Arbitration filed by the plaintiff constitutes a binding admission that the claims asserted in this action are subject to arbitration. Accordingly, arbitration shall be compelled in accordance with the terms of the Arbitration Agreement contained in the Dealer Servicing Agreement.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants' Motion to Compel Arbitration **[#6]** and Supplemental Motion **[#9]** are Granted and the parties are ordered to submit the matter to binding arbitration as per the agreement between the parties.

IT IS FURTHER ORDERED AND ADJUDGED that this matter is dismissed without prejudice subject to a re-filing of a future separate action to enforce any arbitration award and that any other pending motions herein are denied as moot.

SO ORDERED AND ADJUDGED, this the 11th day of June, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE